```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND


In Re: Maria De Ceu Silva      *
       (Chapter 7)             *
                               *
*   *   *   *   *   *   *
                               *    Bankr. No. 09-872-DER
USA GATEWAY TRAVEL, INC.       *
          Appellant            *
v.                             *    Civil Action No. WMN-11-3102
                               *
MARIA DE CEU SILVA             *
          Appellee             *
                               *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

### **MEMORANDUM**

The pending case is an appeal from the Order of the United States Bankruptcy Court for the District of Maryland denying Appellant USA Gateway Travel, Inc.'s (Gateway) Motion to Extend Time under Federal Rule of Civil Procedure 60(b), as incorporated by Federal Rule of Bankruptcy Procedure 9024. ECF No. 1. The Bankruptcy Court denied Gateway's motion, holding that it failed to satisfy the standard for Rule 60(b) relief. See ECF No. 1-5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Appellants' appeal arises from the final order entered by the Bankruptcy Court. Upon consideration of Gateway's appeal brief, the designated record of the Bankruptcy Court, and the applicable law, and for the

reasons set forth below, the Court will affirm the judgment of the Bankruptcy Court.[1]

Based on the documents provided as part of the designated record,[2] the Court understands that the adversary proceeding from which Gateway's appeal arises involved Gateway's claim that the amount owed it by the Appellee-Debtor, Maria De Ceu Silva, should be classified as non-dischargeable. ECF No. 1-37. Gateway alleged that it entered into an arrangement by which the Debtor, through her own travel agency, would purchase tickets from Gateway and then resell the tickets to her clients. The Debtor did not directly pay for these tickets, but instead

---

[1] Gateway filed its appeal on October 28, 2011, and the appeal was docketed by the Clerk of Court on November 3, 2011. See ECF No. 2. The following day the Clerk of the Court sent a letter to Gateway notifying it that the case had been docketed, and reminding Gateway that, in accordance with Bankruptcy Rule 8009, its appellant's brief is due within fourteen days from the date the appeal was docketed. Id. Despite this requirement, no brief was filed. On March 27, 2012, this Court filed an Order directing Gateway to show cause why the appeal should not be dismissed. ECF No. 4. Apparently in response to this Order, on April 10, 2012, Gateway filed its appeal brief. ECF No. 5. Gateway did not respond to the Court's query or explain why the brief was not filed until April 10, 2012, nearly five months after it was due to be filed. Despite the Court's authority to dismiss an appeal for an appellant's failure to timely serve and file a brief, see Fed. R. Bankr. P. 8001(a) and L.R. 404.3, because appellee has not requested this sanction and in recognition of the fact that dismissal is a "harsh sanction which a district court must not impose lightly," In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995), instead of dismissing the appeal, the Court will consider it on the merits.

[2] The Court notes that Gateway's appeal brief makes reference to two different hearing transcripts, neither of which was filed on the record or submitted to the Court as an exhibit.

2

passed a client's credit card number along to Gateway, which would charge the credit card directly.  As part of this arrangement, the Debtor agreed that if any of her clients disclaimed credit card charges for the tickets issued by Gateway, Gateway was authorized to charge her personal credit card for the amount disclaimed.

Gateway alleged that from February 2007 through July 2007, the Debtor ordered eighteen tickets and provided credit card numbers as payment.  For each of these tickets, the alleged clients disclaimed the charges and the Debtor refused to pay the amounts due.  Gateway alleges that this was a fraudulent scheme perpetrated by the Debtor, by which the clients actually used the tickets and paid the Debtor directly before disclaiming the charges made by Gateway.  Gateway alleges that it was damaged in the amount of $20,819.20.

The Bankruptcy Court held an evidentiary hearing on the Amended Complaint on May 11, 2011, and granted judgment in favor of Gateway for a debt in the amount of $20,819.20, and judgment for the Debtor by determining that the debt is dischargeable. ECF No. 1-13.  The Bankruptcy Court admitted all exhibits submitted by Gateway except for exhibit 2 (entitled "Fraud Affidavit-Manuel Ferreira"), which it only admitted for "limited purposes," and exhibit 3-1, which is listed on the exhibit sheet as one of two credit card statements.  ECF No. 1-14.  Gateway

did not file an appeal, which it had the right to do within fourteen days of the date of the entry of the order.  See Fed. R. Bankr. P. 8001(a) & 8002(a).  Instead, on June 10, 2011, Gateway filed a "Motion to Extend Time," pursuant to Fed. R. Civ. P. 60, requesting that the Court extend the deadline for filing an appeal by thirty days so that Gateway may have additional time to determine whether it wished to pursue an appeal or a request for rehearing.  ECF No. 1-11.

The Bankruptcy Court held a hearing on the motion on July 13, 2011, and requested that the parties submit supplemental affidavits and memoranda for its consideration.  ECF No. 1-8 and 1-9.  After reviewing memoranda from both parties, on September 22, 2011, the Bankruptcy Court entered an order denying Gateway's Motion to Extend Time.  ECF No. 1-3.  It also noted that Gateway had withdrawn its request to extend the time to appeal and thus only sought relief under Rule 60(b).  Id.

Gateway filed the present appeal pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the Bankruptcy Court, this Court acts as an appellate court and applies an abuse of discretion standard in reviewing a denial of a Rule 60(b) motion.  See Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995).  "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's

4

judgment that the court does not reverse merely because it would have come to a different result in the first instance." Evans v. Easton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008).  Moreover, "[t]he 'deference that is the hallmark of abuse-of-discretion review,' Gen. Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997), is deference enough to appreciate reasonable disagreement." Id.  The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  Fed. R. Bankr. P. 8013.

Gateway argues that the Bankruptcy Court abused its discretion because it did not make any "explicit findings which this Court can review for abuse." ECF No. 5 at 2.  In its Order, the Bankruptcy Court stated

> the court finds for the reasons stated in the Debtor's Memorandum in Opposition that Gateway's request does not satisfy the standard for Rule 60(b) relief established by the Fourth Circuit in Dowell v. State Farm Fire and Casualty Automobile Ins. Co., 993 F.2d 46 (4th Cir. 1993), and that therefore Gateway's motion should be denied.

ECF No. 1-3 at 2 (emphasis added).  To determine whether this is an abuse of discretion, the Court will look to the Debtor's Memorandum in Opposition and consider whether the reasons to deny the motion as stated by the Debtor are clear and adequate.

In order to be entitled to consideration under Rule 60(b), the movant must first make a threshold showing of timeliness, a

5

meritorious defense, lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). Once the movant has fulfilled this requirement, it must then satisfy at least one of the Rule's six listed grounds for relief. Id.; see also Dowell v. State Farm Fire and Casualty Automobile Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

Gateway sought relief pursuant to Rule 60(b)(6), which is the catchall provision.[3] Case law is clear that the application of this catchall has been limited to "situations involving extraordinary circumstances." Dowell, 993 F.2d at 48 (citing Ackerman v. United States, 340 U.S. 193, 202 (1950)). Gateway argued in its memorandum in support of its Motion to Extend Time that it sought the requested relief "due to an exceptional circumstance in a situation that is extraordinary," which would meet both the threshold requirement of "exceptional circumstances" and the grounds under 60(b)(6). ECF No. 1-5 at 2. Specifically, it points to the failure of a subpoenaed non-party to provide documents and testimony at the May 11, 2011, hearing. It argued that this is an extraordinary situation because the non-party failed to appear, despite having

---

[3] Rule 60(b)(6) permits a court to relieve a party from a final judgment for "any other reason that justifies relief."

acknowledged receipt of the subpoena requiring it to appear at the hearing.

In its Memorandum in Opposition, the Debtor argued that Plaintiff failed to meet its burden to show that there were exceptional or extraordinary circumstances to meet the threshold showing under Rule 60(b).  See ECF No. 1-4 at 2.  The Debtor specifically relied on the fact that, as it became aware the day after the hearing of an alleged fact that may have been a sufficient basis to vacate the decision, Gateway had ample opportunity to appeal its denied claim but instead did nothing for thirty days and then merely filed the Motion to Extend requesting additional time for it to make a decision on how to proceed.  Id.  The Debtor further noted that "[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from final judgment is not a substitute for a timely and proper appeal," id. (citing Ackerman, 340 U.S. at 198) and quoted language from Ackerman that was also reiterated in Dowell, stating:

> [Gateway] made a 'considered choice not to appeal. . .[the] choice was a risk, but calculated and deliberate and such as follows a free choice.  [Gateway] cannot be relieved of such a choice because hindsight seems to indicate to it that [its] decision not to appeal was probably wrong. . . There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

ECF No. 1-4 at 3 (quoting Dowell, 993 F.2d at 48 (quoting Ackerman, 340 U.S. at 198)).  The Debtor concluded her motion by

7

stating that Gateway controlled the timing of the presentation of its case and chose to subpoena the documents and testimony in question within less than two weeks of trial, so "NO external or extraordinary forces played upon [Gateway] as to deny it due process, or a fair and impartial hearing on the merits."  Id.

In summary, the Debtor argued that Plaintiff did not demonstrate extraordinary circumstances to justify relief under Rule 60(b) nor did it provide an excuse for its failure to take the appeal which it was entitled to as of right.  These reasons for denying relief are the same as those relied on by the Fourth Circuit in Dowell, which was cited by both the Debtor and by the Bankruptcy Court in its September 22, 2011, Order.  The Debtor did not state any alternative arguments in her Opposition.  Therefore, because this Court can understand the reasoning of the Bankruptcy Court via its reference to the Debtor's Opposition and the decision reached by the Bankruptcy Court was reasonable, this Court holds that the Bankruptcy Court did not abuse its discretion and its decision to deny Gateway's Rule 60(b) motion will be affirmed.  A separate order will follow.

/s/

William M. Nickerson
Senior United States District Judge

DATED: July 30, 2012